IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JIMMY LEE CALDWELL,

Plaintiff,

v.

MINE SAFETY AND HEALTH
ADMINISTRATION,

Defendant.

Case No. 1:23-cv-01743-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

Plaintiff Jimmy Lee Caldwell, a self-represented litigant, has filed this action against the

Mine Safety and Health Administration, and he now moves for summary judgment. For the

reasons below, this action is dismissed without prejudice and with leave to file a First Amended

Complaint within thirty (30) days. The remaining motions (##2, 8, 9) are denied with leave to

refile if the case progresses beyond the pleading stage.

## DISCUSSION

When reviewing pleadings filed by a self-represented, or "*pro se*" litigant, the Court must

assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B). *Pro se* pleadings are held to less stringent standards than pleadings by attorneys.

*Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by

*pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). However, pro se litigants must still abide by the Federal Rules of Civil Procedure, federal pleading rules, and Local Rules of the District of Oregon.  Finally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

Here, the Court has reviewed Plaintiff's Complaint (#1), his Motion for Summary Judgment (2), which was filed prior to any summons issued to the Defendant in this case, his Summons (#4) and Return of Service (#7).  Plaintiff has also filed a Motion to Expedite (#8) and an Addendum to Motion for Summary Judgment (#9), which the Court has also reviewed.

Based on the Court's review, and as explained below, Plaintiff's Complaint fails to state a claim for relief.  Plaintiff has also failed to properly serve the Defendant under the federal rules. For these reasons, Plaintiff's Complaint is dismissed, with leave to file an amended complaint.

## DISCUSSION

### I.  Plaintiff's Complaint fails to state a claim for relief because he has not alleged any final agency action or decision by the agency Defendant.

A complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

Plaintiff's Complaint (#1) states the following allegations. Plaintiff is a shareholder of the "Bonanza Opal Mine," in Denio, Nevada. He claims that he was not allowed to dig for opal during the 2023 season, Memorial Day weekend through Labor Day weekend, "for the reason

that Defendant threatened the management with up to $70,000.00 fine for allowing shareholder having not completing a safety class and obtaining a 5000-23 form to dig." Plaintiff claims that this was wrongful conduct because "Plaintiff is not a miner nor is the opal site a mine within the legal definitions or examples of quarry mines. Therefore, taking a class about mine safety is not applicable."

While Plaintiff attempts to frame his cause of action as a civil rights claim, is not clear to the Court whether the agency issued any order or citation, or any final decision that can be reviewed by this Court under 5 USC § 704. No factual allegations are given to form a basis for understanding how the agency "threatened the management" with a fine if Plaintiff did not complete the safety class and 5000-23 form. The Mine Safety and Health Administration has a process for contesting citations. *See* https://www.msha.gov/compliance-and-enforcement/contesting-citations (Last Accessed 7/18/2024). A mine operator who contests a citation can file a notice and request a hearing before an administrative law judge ("ALJ") of the Federal Mine Safety and Health Review Commission. *Id.* In order to appeal, after a hearing and a decision by the ALJ, a mine operator must file a petition for discretionary review with the Federal Mine Safety and Health Review Commission within 30 days of the ALJ decision. *See* Procedural Rules, 29 CFR 2700. The decision of the Review Commission, or the ALJ decision if the Review Commission declines to review the ALJ decision, becomes the "final agency decision," which the mine operator can then appeal to the Courts.

Plaintiff has not alleged that he contested the Defendant's action, nor that the Defendant issued a final agency decision that is reviewable by this Court. Therefore, Plaintiff fails to state a claim for relief that can be granted by this Court. In an abundance of caution, and because a pro se Plaintiff is entitled to notice of the deficiencies of his Complaint and time to cure them,

dismissal of this Complaint shall be without prejudice and with leave to file an Amended

Complaint. Plaintiff may file a First Amended Complaint if he believes he can allege sufficient

factual allegations to state a claim.

## II. Plaintiff has not properly served the Defendant according to the federal rules.

Federal Rule of Civil Procedure 4(i)(2) instructs:

> To serve a United States agency or corporation, or a United States
> officer or employee sued only in an official capacity, **a party must
> serve the United States** and also send a copy of the summons and
> of the complaint by registered or certified mail to the agency,
> corporation, officer, or employee.

Here, Plaintiff properly sent a copy of the summons and complaint by certified mail to

the agency, but no record exists to show that Plaintiff has served the United States. To serve the

United States:

> (A) a party must:
>
> (i)     deliver a copy of the summons and of the complaint to the
>         United States attorney for the district where the action is
>         brought—or to an assistant United States attorney or clerical
>         employee whom the United States attorney designates in a
>         writing filed with the court clerk—or
>
> (ii)    send a copy of each by registered or certified mail to the
>         civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the
>     Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer
>     of the United States, send a copy of each by registered or
>     certified mail to the agency or officer.

Therefore, if Plaintiff chooses to file a First Amended Complaint, he must adequately state a

claim for relief, and he must properly serve the Defendant -- both the agency and the United

States -- as required by FRCP 4.

## ORDER

Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to file a First Amended Complaint within thirty (30) days. Plaintiff may file one request to extend this deadline, if necessary. If Plaintiff choses to file a First Amended Complaint, he must properly serve the Defendant, as explained above. Plaintiff's other pending motions (##2, 8, 9) are denied, with leave to refile if the case proceeds beyond the pleading stage.

If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be terminated.

DATED this __18__ day of July, 2024.

MARK D. CLARKE
United States Magistrate Judge