IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JIMMY LEE CALDWELL,

Plaintiff,

v.

MINE SAFETY AND HEALTH ADMINISTRATION,

Defendant.

Case No. 1:23-cv-01743-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

Plaintiff Jimmy Lee Caldwell, a self-represented litigant, has filed this action against the Mine Safety and Health Administration ("MSHA"). On July 18, 2024, the Court dismissed the Complaint without prejudice and with leave to file a First Amended Complaint within thirty (30) days. On August 9, 2024, Plaintiff filed an Amended Petition for Redress of Grievances, which is construed as a First Amended Complaint ("FAC") (#12). On September 6, 2024, Plaintiff filed a Return of Service Executed as to the Mine Safety and Health Administration and the United States Attorney's Office (#13). No further actions have been taken on this case. For the reasons below the FAC should be dismissed without prejudice, and in an abundance of caution, Plaintiff is given leave to file a Second Amended Complaint within 30 days. If the deficiencies are not cured, and if the government continues to be improperly served, the case could be dismissed with prejudice.

## STANDARD

When reviewing pleadings filed by a self-represented, or "*pro se*" litigant, the Court must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). However, pro se litigants must still abide by the Federal Rules of Civil Procedure, federal pleading rules, and Local Rules of the District of Oregon. Finally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I. Plaintiff's FAC (#12) fails to state a claim for relief.

A complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

Plaintiff's original Complaint (#1) stated the following allegations. Plaintiff is a shareholder of the "Bonanza Opal Mine," in Denio, Nevada. He claims that he was not allowed to dig for opal during the 2023 season, Memorial Day weekend through Labor Day weekend, "for the reason that Defendant threatened the management with up to $70,000.00 fine for

allowing shareholder having not completing a safety class and obtaining a 5000-23 form to dig." Plaintiff claims that this was wrongful conduct because "Plaintiff is not a miner nor is the opal site a mine within the legal definitions or examples of quarry mines. Therefore, taking a class about mine safety is not applicable." Plaintiff framed his cause of action as a civil rights claim, but no constitutional violations were alleged. It was also not clear to the Court whether the agency had issued any order or citation, or any final decision that could be reviewed by this Court under the APA, 5 USC § 704.

In the FAC (#12), Plaintiff's factual allegations are essentially the same, but the claims are framed in terms of negligence. To successfully plead a common-law claim for negligence, a plaintiff must show:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk of harm [was] to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 506, 244 P.3d 835 (2010). A special status, relationship, or standard of conduct between the defendant and the plaintiff may create, define, or limit the defendant's duty to the plaintiff. *Or. Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 340-41, 83 P.3d 322 (2004) (citing *Fazzolari v. Portland School Dist. No. 1J*, 303 Or. 1, 17, 734 P.2d 1326 (1987*));* see *Donaca v. Curry Cnty.*, 303 Or. 30, 32, 734 P.2d 1339 (1987). Absent such a special status, relationship, or standard of conduct, a defendant's liability for harm that his or her conduct causes is analyzed in terms of "reasonable foreseeability," *Or. Steel Mills, Inc.*, 336 Or. at 340, or "general foreseeability," *Slogowski v. Lyness*, 324 Or. 436, 441, 927 P.2d 587 (1996).

Here, Plaintiff alleges that he wrote a letter to the MSHA objecting to the requirement for a mining safety class to operate his opal mine, which he claims is not a true "mine," but more of a digging site. Plaintiff asserts that MSHA never responded to his letter, and he claims that the failure to respond to his letter constitutes a breach of a duty of care. This assertion fails to state a cognizable claim for negligence because Plaintiff does not allege any affirmative conduct that can be construed as creating an unreasonable risk of foreseeable harm.

As noted in the Court's prior order, no factual allegations are given to form a basis for understanding how the agency "threatened the management" with a fine if Plaintiff did not complete the safety class and 5000-23 form. No affirmative conduct by the agency is alleged with any concrete factual allegations at all: the Court cannot discern from the pleadings who at MHSA told Plaintiff that he would be subject to a fine, when he was told that, and there is no context for the Court to determine whether Plaintiff's reliance on such a warning would have been reasonable based on the circumstances. Nothing in the original Complaint or the FAC indicates that Plaintiff was actually cited with such a fine, nor that he suffered any concrete harm beyond his decision to refrain from mining that season. These deficiencies have not been cured by the FAC.

As in the original Complaint, Plaintiff's FAC does not allege that he formally contested the Defendant's action, nor that the Defendant issued a final agency decision that is reviewable by this Court. Therefore, Plaintiff fails to state a claim for relief that can be granted by this Court.

**II. Plaintiff has not properly served the Defendant according to the federal rules.**

Federal Rule of Civil Procedure 4(i)(2) instructs:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, **a party must**

> **serve the United States** and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Here, in the prior Order, the Court determined that Plaintiff properly sent a copy of the summons and complaint by certified mail to the agency, but did not properly serve the United States. To serve the United States:

> (A) a party must:
>
> (i)     deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii)     send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Rule 4(i)(1)(A)-(C). Plaintiff was given an opportunity to file an amended pleading, and he was instructed to properly serve the government under Rule 4(i)(1)(A).

Upon his filing of the FAC and proof of service, it is not clear that Plaintiff's service on the local United States Attorney's office was properly completed. The main office of the United States attorney for the District of Oregon is located in Portland, Oregon. Plaintiff sent his copy of the summons and complaint to the Medford branch of the United States attorney's office. No representative or counsel has appeared on the government's behalf, and it is likely that the government has not been properly served. If Plaintiff chooses to amend his complaint again, he

should call the United States attorney for the District of Oregon and determine where they can be properly served, or where they have a civil process clerk able to accept service.

## ORDER

For the reasons above, Plaintiff's FAC fails to state a claim for relief against the Mine Health and Safety Administration and fails to cure the deficiencies of the original Complaint. Plaintiff's FAC (#12) is therefore dismissed. Because the Court is required to give notice of the deficiencies of the pleading to a self-represented party, dismissal is without prejudice and with leave to file a Second Amended Complaint within thirty (30) days.

If the deficiencies of the original Complaint and FAC are not cured, or if service is not properly completed, the case will be dismissed with prejudice.

It is so ORDERED and DATED this __1__ day of April, 2025.

MARK D. CLARKE
United States Magistrate Judge